**Lue Ella MILLER, Individually and as Administratrix of the Estate of Edward Charles Miller, Appellant,**

v.

**Leona Miller TAYLOR et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 8, 1961.

Stoll, Keenon & Park, Lexington, for appellant.

Thomas R. Underwood, Jr., Lexington, for appellees.

MILLIKEN, Judge.

This is an appeal from a judgment upholding a county court judgment removing an administratrix upon the ground that she procured her appointment by fraud upon the court. The record consists of the pleadings, motions, judgments and a series of affidavits.

Edward Charles Miller, twenty-one years of age, was killed in an automobile-truck collision in Scott County July 22, 1958, when a passenger in the automobile. His uncle, Charles Miller, visited the scene of the accident, viewed skid marks on the highway which indicated the automobile was on the wrong side of the road, and concluded—apparently without advice of counsel—that no recovery could be had for the heirs of the deceased. Subsequently, the appellant, Lue Ella Miller, grandmother of the deceased and with whom he had lived in Lexington for most of his life, qualified as administratrix of his estate and accepted a settlement of $748, the amount of the funeral bill, from the truck owner's insurance carrier. The appellee, Leona Miller Taylor, the nonresident widowed mother of the deceased and his heir at law, moved the county court to remove the grandmother as administratrix upon the ground that her appointment was fraudulently procured which motion was granted by the county court in September, 1958, without written

notice to the grandmother, resulting in the appellee Security Trust Company being appointed successor-administrator. In 1959 the new administrator, Security Trust Company, filed an action in the Scott Circuit Court against the truck owner claiming $113,590 damages.

After removal of the grandmother as administrator without written notice in September, 1958, counsel for the grandmother moved the county court to set aside its order because of the failure of notice, and, after a hearing, the details of which are not before us, the county court, on November 1, 1958, adjudged that "orders previously entered in the case voiding the appointment of Lue Ella Miller as administratrix of the estate of Edward Charles Miller and appointing Security Trust Company, administrator of the estate of Edward Charles Miller be continued in effect, and the motion of counsel for Lue Ella Miller to revoke said orders is denied." After reviewing the record in the county court, the Circuit Court affirmed the judgment.

Conceding arguendo that the grandmother was not notified and was not heard at the time of the original order removing her, it is our conclusion that the subsequent hearing in the county court sufficiently rectified these omissions, and that the peculiar wording of the subsequent order continuing the original removal order in effect does not preclude its acceptance as a removal after notice and hearing as of November 1, 1958. Since we are not favored with whatever testimony was offered at the hearing in the county court, it is impossible for us to pass upon the question of whether that testimony sustained the charge of fraud in procuring the appointment. The affidavits filed in the Circuit Court on motions for summary judgment do not cure this defect in the record to our satisfaction. As a consequence, we conclude, as did the Circuit Court, that the county court's judgment removing the administratrix is correct. We do not pass on the effect of the ruling upon the $768 settlement.

The judgment is affirmed.